UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRANCKEL DEMOSTHENE,

Petitioner,

v.

WARDEN, CALIFORNIA CITY DETENTION FACILITY,

Respondent.

Case No. 1:26-cv-8813-DC-JDP

ORDER; FINDINGS AND RECOMMENDATIONS

On July 4, 2021, a Border Patrol agent caught petitioner entering the United States without permission and took him into custody. On August 4, 2021, immigration authorities paroled petitioner into the United States. On September 15, 2026, ICE re-detained petitioner. Petitioner, proceeding pro se, seeks a writ of habeas corpus under 28 U.S.C. § 2241 ordering his release. For the following reasons, I recommend that the petition be granted and that petitioner be immediately released.

**Background**

On July 4, 2021, petitioner entered the United States at the southern border and was encountered by a Border Patrol agent who took him into custody. ECF No. 7-1 at 2. It appears that Border Patrol found that petitioner had a credible fear of return.[1] *Id.* Immigration authorities

[1] It is not clear how the credible fear process unfolded. One line in the ICE Form I-213 states that petitioner failed to appear for his credible fear interview on September 2, 2025, while

paroled petitioner into the United States on August 4, 2021. *Id.* On July 5, 2024, petitioner filed an application for temporary protected status, which was granted until August 8, 2026. *Id.* Petitioner obtained an employment authorization document through this status. *Id.*

On September 15, 2026, ICE re-detained petitioner. *Id.* Petitioner alleges, and respondent does not dispute, that this was during a routine check-in appointment. *See* ECF No. 1 at 3, 6; ECF No. 7. Petitioner has no criminal history. ECF No. 7-1 at 2. On September 25, 2026, an immigration judge reviewed the Department of Homeland Security's negative credible fear determination and affirmed it. ECF No. 7-1 at 4-5. There is no notice to appear in the record. The EOIR Automated Case Information site indicates that there is no removal order and that there are no future hearings for petitioner. *See* https://acis.eoir.justice.gov/en/caseInformation (last checked Nov. 9, 2026). Respondent states that petitioner was re-detained by ICE under 8 U.S.C. § 1225(b)(1) and is thus mandatorily detained without a bond hearing. ECF No. 7 at 1.

**Legal Standard**

A federal court may grant habeas relief when a petitioner shows that his custody violates federal law. 28 U.S.C. §§ 2241(a), (c)(3), 2254(a); *Williams v. Taylor*, 529 U.S. 362, 374-75 (2000). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

---

another line states that his interview was still pending when he was re-detained by ICE in September 2026. *See id.* At some point immigration authorities made a negative fear determination. *See* ECF No. 7-1 at 4.

## Analysis

Petitioner claims that his re-detention by ICE without a pre-deprivation hearing violates due process.[2] ECF No. 1 at 6-7. Respondent opposes the petition on the ground that petitioner is mandatorily detained under section 1225(b)(1). ECF No. 7 at 2. Respondent also acknowledges petitioner's due process claim and argues that "petitioner's detention is governed by Section § 1226(a) and *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026)."[3] ECF No. 7 at 2.

I first determine the statutory basis for petitioner's detention. Respondent concedes that ICE mandatorily detained petitioner under 8 U.S.C. § 1225(b)(1). *See* ECF No. 7 at 1. In *Rodriguez Vazquez*, 183 F.4th at 1165, the Court of Appeals rejected this statutory basis for mandatorily detaining noncitizens like petitioner.[4]

Turning to the procedural due process claim, I must first consider whether there exists a protected liberty interest under the Due Process Clause, and, second, I must evaluate what procedures are necessary to ensure that any deprivation of that protected liberty interest accords with the Constitution. *See Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989). I consider each in turn.

Respondent acknowledges petitioner's prior release into the United States, application for relief from removal, and receipt of immigration benefits, but does not discuss petitioner's due process claim. *See* ECF No. 7 at 2. Border Patrol released petitioner into the United States in

---

[2] Petitioner's pro se filing is entitled to liberal construction. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Charan S. v. Warden of the Cal. City Det. Facility*, No. 1:26-cv-3017-TLN-JDP, 2026 WL 1144158, at *1 n.1 (E.D. Cal. Apr. 28, 2026) (applying liberal construction to pro se immigration habeas filing).

[3] Because the mandate has yet to issue, the court takes advisory notice of this ruling. *See* Fed. R. App. Pro. 41. This holding accords with seven other Courts of Appeals. *See Guerrero Orellana v. Moniz*, 188 F.4th 1, 14 (1st Cir. 2026); *Barbosa da Cunha v. Freden*, 175 F.4th 61, 69 (2d Cir. 2026); *Buele Morocho v. Warden Philadelphia FDC*, 189 F.4th 287, 305 (3d Cir. 2026); *Lopez-Campos v. Raycraft*, 175 F.4th 713, 732 (6th Cir. 2026); *Cirrus Rojas v. Olson*, 183 F.4th 909, 915 (7th Cir. 2026); *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1246 (10th Cir. 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Mia.*, 175 F.4th 1258, 1262 (11th Cir. 2026)

[4] The section 1226(a) detention authority is a *post hoc* rationalization that cannot shift the true detention authority. *See Betancourt Ulloa v. Warden, Cal. City Corr. Ctr.*, No. 1:26-cv-3360-DAD-CKD, 2026 WL 2389805 (E.D. Cal. Aug. 17, 2026) (collecting cases rejecting *post hoc* rationalizations for immigration detention authority).

August 2021, years prior to his September 2026 re-detention. ECF No. 7-1 at 2. During his years at liberty, petitioner worked with authorization and developed substantial economic and community ties. ECF No. 1 at 2, 6. Courts in this Circuit have repeatedly found that noncitizens released from immigration custody acquire a liberty interest in their continued release. *See, e.g.*, *Labrador-Prato v. Noem*, No. 1:25-cv-1598-DC-SCR, 2025 WL 3458802, at *5 (E.D. Cal. Dec. 2, 2025); *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025). "Even where the revocation of a person's freedom is authorized by statute, that person may retain a protected liberty interest under the Due Process Clause." *Rico-Tapia v. Smith*, No. 1:25-cv-0379-SASP-KJM, 2025 WL 2950089, at *8 (D. Haw. Oct. 10, 2025) (citing *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973), and *Morrissey v. Brewer*, 408 U.S. 471, 481-82 (1972)).

Petitioner's initial release and time out of custody have created a substantial constitutionally protected liberty interest in continued release. *See Guillermo M. R. v. Kaiser*, No. 25-cv-5436-RFL, 2025 WL 1983677, at *4 (N.D. Cal. July 17, 2025) (recognizing that "the liberty interest that arises upon release [from immigration detention] is *inherent* in the Due Process Clause"); *Ortega v. Kaiser*, No. 25-cv-5259-JST, 2025 WL 1771438, at *3 (N.D. Cal. June 26, 2025) (collecting cases finding released noncitizens to have strong liberty interests); *see also Capote v. Warden, Cal. City Corr. Ctr.*, No. 1:26-cv-3168-JLT-EPG, 2026 WL 1415306, *2 (E.D. Cal. May 20, 2026) (granting writ of habeas corpus where petitioner had been previously paroled into the United States pursuant to the Cuban Humanitarian Parole program).

Further, petitioner's receipt of temporary protected status ("TPS") confers upon him a liberty interest. *See Morales Jimenez v. Warden*, No. 1:26-cv-2867-DAD-AC, 2026 WL 1075841, at *1 (E.D. Cal. Apr. 21, 2026); *Majano Mendoza v. Andrews*, No. 1:26-cv-1976-DAD-CSK, 2026 WL 747344, at *2 (E.D. Cal. Mar. 17, 2026); *see also Hernandez Lazo v. Noem*, 818 F. Supp. 3d 328, 346 (E.D.N.Y. 2026). This is because petitioner's receipt of TPS reflects a prior determination that he was not flight risk or a danger to the community. *See Morales Jimenez*, 2026 WL 1075841, at *1.

Once a court has found that a noncitizen has a liberty interest in continued release, the court must next determine what procedural protections the government must afford the noncitizen

before depriving him of that liberty interest. This requires balancing the factors laid out in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). *See Hernandez v. Sessions*, 872 F.3d 976, 993 (9th Cir. 2017) (applying *Mathews* factors in immigration detention context).

The *Mathews* test requires courts to consider:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Mathews*, 424 U.S. at 335.

First, petitioner has a significant private interest in his freedom. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690. Petitioner has a private interest in his continued release that developed over the years that he was at liberty in the United States. *See Noori v. LaRose*, No. 25-cv-1824-GPC-MSB, 2025 WL 2800149, at *10 (S.D. Cal. Oct. 1, 2025) ("Petitioner has a private interest in remaining free, which developed over the year he resided in the United States.").

Turning to the second *Mathews* factor, the risk of erroneous deprivation without a bond hearing is high. Prior to releasing petitioner permission into the United States, the government necessarily determined that he presented neither a danger to the community nor a risk of flight. *See Pinchi*, 792 F. Supp. 3d at 1034 (explaining that a petitioner's "release from ICE custody after her initial apprehension reflected a determination by the government that she was neither a flight risk nor a danger to the community"). Absent a pre-deprivation bond hearing in front of a neutral arbiter, the risk of erroneous deprivation is high given the possibility that petitioner's detention will not be pursuant to a valid state interest. *See Omer G.G. v. Kaiser*, No. 1:25-cv-01471-KES-SAB, 2025 WL 3254999, at *7 (E.D. Cal. Nov. 22, 2025) ("Civil immigration detention, which is 'nonpunitive in purpose and effect[,]' is justified when a noncitizen presents a risk of flight or danger to the community.") (quoting *Zadvydas*, 533 U.S. at 690).

Respondent offers no evidence or argument indicating that any procedural safeguards were employed prior to petitioner's detention; more generally, it gives the court no reason to believe that any efforts have been made to prevent erroneous deprivation of petitioner's liberty. *See* ECF No. 7. Accordingly, the probable value of additional procedural safeguards is high. *See A.E. v. Andrews*, No. 1:25-cv-0107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025), *report and recommendation adopted*, 2025 WL 1808676 (E.D. Cal. July 1, 2025).

"Third, the Government's interest in detaining Petitioner without notice, reasoning, and a hearing is 'low.'" *Salazar v. Casey*, No. 25-cv-2784-JLS, 2025 WL 3063629, at *5 (S.D. Cal. Nov. 3, 2025) (citation omitted). "In immigration court, custody hearings are routine and impose a 'minimal' cost." *Carballo v. Andrews*, No. 1:25-cv-0978-KES-EPG, 2025 WL 2381464, at *8 (E.D. Cal. Aug. 15, 2025) (quoting *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025)). Respondent has not provided any information about the additional burden it would bear as a result of being required to provide a constitutionally adequate pre-deprivation hearing. *See* ECF No. 7.

Accordingly, a consideration of the *Mathews* factors demonstrates that petitioner's detention without a pre-deprivation hearing violated his due process rights. Given this finding, the court must determine the appropriate remedy. Petitioner seeks immediate release. ECF No. 1 at 14. Respondent argues that "the only remedy warranted here is a bond hearing."[5] ECF No. 7 at 2.

The Supreme Court has recognized that "[h]abeas is at its core a remedy for unlawful executive detention," and the "typical remedy for such detention is, of course, release." *Munaf v. Geren*, 553 U.S. 674, 693 (2008); *see also Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107 (2020) ("Habeas has traditionally been a means to secure *release* from unlawful detention."). To satisfy due process, "the Court usually has held that the Constitution requires

---

[5] Respondent's detention of petitioner under the wrong statutory authority cannot be remedied by a delayed section 1226(a) bond hearing. *See Betancourt Ulloa v. Warden, Cal. City Corr. Ctr.*, No. 1:26-cv-3360-DAD-CKD, 2026 WL 2389805 (E.D. Cal. Aug. 17, 2026) (collecting cases rejecting *post hoc* rationalizations for immigration detention authority); *see also Cortes Cortes v. Warden of the Golden State Annex Det. Facility*, No. 1:26-cv-6609-DC-JDP, 2026 WL 2494984, at * 3 (E.D. Cal. Aug. 25, 2026).

some kind of a hearing *before* the State deprives a person of liberty or property." *Zinermon v. Burch*, 494 U.S. 113, 127 (1990) (emphasis in original). Where a petitioner is entitled to a pre-deprivation hearing, courts have found that "[t]he appropriate relief . . . is their immediate release from custody, and to be provided with relief returning them to status quo ante, i.e., the last uncontested status which preceded the pending controversy." *Cardin Alvarez v. Rivas*, No. 25-cv-2943-PHX-GMS, 2025 WL 2898389, at *21 (D. Ariz. Oct. 7, 2025), *report and recommendation adopted in part, rejected in part on other grounds*, 2025 WL 2899092 (D. Ariz. Oct. 10, 2025).

ICE re-detained petitioner when he went to the ICE office for a routine check-in on September 15, 2026. ECF No. 1 at 3. Petitioner has no criminal history. ECF No. 7-1 at 2. Although the Form I-213 claims that petitioner had a "history of absconding," *see id.*, there is no evidence in the record of any such activity, and petitioner's attendance at a routine check-in weakens this claim. The assertion that petitioner failed to attend his credible fear interview, *see id.*, even if accurate and relevant to his flight risk, does not support re-detention without notice and a pre-deprivation hearing. Petitioner asserts, and respondent does not dispute, that during his years in the United States he worked and established considerable ties with his community, whilst maintaining compliance with his terms of immigration release. *See* ECF No. 1 at 2-3. Respondent has provided no reason for petitioner's re-detention without a pre-deprivation hearing.

Accordingly, I find that the "typical remedy" of release is appropriate because the government has not provided a lawful justification for re-detaining petitioner without a pre-deprivation hearing, and the government has failed to provide a prompt post-deprivation hearing that comports with due process. *See Munaf*, 553 U.S. at 693; *see also Lopez Alonza v. Warden*, No. 1:26-cv-3059-DJC-JDP, 2026 WL 2390826, at *5 (E.D. Cal. Aug. 17, 2026), *report and recommendation adopted*, 2026 WL 2446693 (E.D. Cal. Aug. 20, 2026). Petitioner's due process rights have been violated such that the appropriate relief is immediate release from custody, thereby returning him to the "status quo ante." *See Cardin Alvarez*, 2025 WL 2898389, at *21.

Accordingly, it is hereby RECOMMENDED that:

1. The petition for writ of habeas corpus, ECF No. 1, be GRANTED.

2. Respondent be ordered to immediately release petitioner (A-Number: 220-223-367) from its custody on the same conditions as prior to his detention. Respondent shall not impose any additional restrictions on petitioner, unless that is determined to be necessary at a future pre-deprivation hearing. If the government seeks to re-detain petitioner, it must provide no less than seven days' notice to petitioner and must hold a constitutionally compliant pre-deprivation bond hearing before a neutral arbiter at which the government bears the burden of proving flight risk or danger by clear and convincing evidence. This order does not address the circumstances in which respondent may detain petitioner in the event petitioner becomes subject to an executable final order of removal.

3. The Clerk of Court be directed to serve California City Detention Facility with a copy of this order.

4. The Clerk of Court be ordered to enter judgment accordingly and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within three days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within three days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: November 12, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE